UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01980-TWP-DKL |
| ) | |
| DOT COM PLUS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) by Defendant Dot Com Plus, LLC ("Dot Com Plus") (Filing No. 10). Plaintiff Larry G. Philpot ("Mr. Philpot") initiated this action, asserting various copyright claims against Dot Com Plus for alleged copyright violations involving a photograph of musician, Willie Nelson, taken and copyrighted by Mr. Philpot. Dot Com Plus moved to dismiss Mr. Philpot's Complaint based on a lack of personal jurisdiction and improper venue. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint where there is a "lack of personal jurisdiction" over the defendant. Fed. R. Civ. P. 12(b)(2). Rule 12(b)(3) allows for dismissal when venue is improper. When deciding a motion under Rule 12(b), the court accepts the factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff if they weigh on the issue of personal jurisdiction. *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). But where a complaint

consists of conclusory allegations unsupported by factual assertions, the complaint fails even under the liberal standard of Rule 12(b).  *Id.*

When considering a motion to dismiss for lack of personal jurisdiction, the court examines the sufficiency of the complaint, not the merits of the lawsuit.  *Id.*  The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss the action under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  The court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Medical Group*, 149 F. Supp. 2d at 623.

The level of the plaintiff's burden to show personal jurisdiction depends on whether an evidentiary hearing has been held.  *Purdue Research*, 338 F.3d at 782.  Where a hearing has been conducted, the plaintiff must show by a preponderance of the evidence that personal jurisdiction exists.  *Id.*  Where no hearing is conducted and the motion to dismiss is decided solely on written materials, the plaintiff must establish a *prima facie* case that personal jurisdiction exists.  *Id.*

"If jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, the law requires a federal district court to determine if a court of the state in which it sits would have personal jurisdiction."[1]  *Annie Oakley Enters. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 886 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990)).  Indiana Trial Rule 4.4(A), Indiana's long-

---

[1] The federal statute serving as the basis for this litigation, the Copyright Act, does not authorize nationwide service of process or govern personal jurisdiction.  *Novelty, Inc. v. RCB Distrib.*, 2008 U.S. Dist. LEXIS 52443, *10 (S.D. Ind. July 9, 2008) ("Congress did not create national service of process under the Lanham Act or the Copyright Act."); *see also Lighthouse Carwash Sys., LLC v. Illuminator Bldg. Co., LLC*, 2004 U.S. Dist. LEXIS 21666, *6 n.4 (S.D. Ind. Aug. 31, 2004).  Therefore, determining personal jurisdiction in this case is governed by Indiana law.

arm statute, governs personal jurisdiction in Indiana. "Although Rule 4.4(A) enumerates eight bases for the assertion of jurisdiction on the basis of a defendant's actions, the rule also includes a provision that 'a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'" *Id.* (internal citation omitted). Thus, a court has personal jurisdiction to the limit allowed by the Federal Due Process Clause of the Fourteenth Amendment. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966–67 (Ind. 2006).

For a court to have personal jurisdiction over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

Under federal due process standards, personal jurisdiction can be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). "If the defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction." *LinkAmerica*, 857 N.E.2d at 967. "If the defendant's contacts with the forum state are not 'continuous and systematic,' specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* "Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *Id.*

In other words, specific jurisdiction exists when a defendant has deliberately directed its activities toward the forum state's residents, and the cause of action results from alleged injuries that arise out of or relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

3

472 (1985).  In *Burger King*, the Supreme Court explained the "constitutional touchstone" of "minimum contacts" for personal jurisdiction:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . .  [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person.  Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.  Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 474–76 (internal citations, quotation marks, and footnote omitted).

The Seventh Circuit has provided additional guidance for cases involving the internet and online activity.

> Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive. Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a highly interactive website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.

*be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) (citations and quotation marks omitted).

Concerning venue in a copyright action, under 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."

4

## II. BACKGROUND

Mr. Philpot is a professional photographer who lives in Indianapolis, Indiana, and works with concert events across the country. Most of Mr. Philpot's work involves musicians and concerts, and he licenses his photographs to various end users. On October 4, 2009, Mr. Philpot took a photograph of singer-songwriter Willie Nelson while he was performing in St. Louis, Missouri. Mr. Philpot secured a copyright for this photograph through the United States Copyright Office approximately three years later on September 5, 2012. Before securing the copyright, Mr. Philpot published the photograph on the internet on May 31, 2011.

On or about April 30, 2013, a copy of Mr. Philpot's photograph of Willie Nelson with an article or advertisement titled "Willie Nelson's 80th Birthday Musical Celebration" appeared on one of Dot Com Plus's radio station websites without any attribution to Mr. Philpot. Mr. Philpot discovered the copy of his photograph on the radio station website and sent a cease and desist letter to Dot Com Plus on August 11, 2014, directing the removal of the photograph from the radio station website. After receiving the cease and desist letter from Mr. Philpot, Dot Com Plus removed the photograph from the website. Mr. Philpot initiated this copyright lawsuit on December 2, 2014. On February 6, 2015, Dot Com Plus moved to dismiss the action.

## III. DISCUSSION

As an initial matter, Plaintiff's Further Opposition to Motion to Dismiss for Lack of Personal Jurisdiction (Filing No. 18) is **STRICKEN**, as such motion is not permitted by the Court's Local Rules. See L.R. 7.1(b) and (c)(2) (motion briefing consists of the opening brief, a response and a reply).

Dot Com Plus is an Alabama limited liability company with its principal place of business in Mobile, Alabama. Dot Com Plus was formed in 1993 to own and operate two radio stations (WZEW-FM and WNSP-FM) in Mobile, Alabama. WZEW's broadcast radius is twenty-five miles from the radio station's tower in Mobile, Alabama. All WZEW-generated content for its website is created and maintained in Mobile, Alabama. All postings are managed from WZEW's office in Mobile, Alabama. All individuals with knowledge of the circumstances of the posting of the Willie Nelson photograph on WZEW's website, and all of WZEW's business records relevant to the issues in this action are located in Mobile, Alabama (Filing No. 11 at 2).

Dot Com Plus has never done any business in the State of Indiana. Dot Com Plus has never been registered to do business in the State of Indiana. It has never appointed an agent for service of process in Indiana. Other than this litigation, Dot Com Plus has never been involved in any litigation in any court, administrative agency, or other tribunal in Indiana. *Id.*

Additionally, Dot Com Plus has never derived any revenue from any source in Indiana. It has never had any employees, partners, or agents residing in Indiana, and no employees, partners, or agents of Dot Com Plus have ever been sent to Indiana to solicit or otherwise conduct business for Dot Com Plus. *Id.* Dot Com Plus has never owned, leased, occupied, or used any real or personal property in the State of Indiana. It has never maintained an office in Indiana and has never had a mailing address in Indiana. It has never owned or used any bank, brokerage, or other financial accounts in Indiana. Dot Com Plus has never advertised in Indiana and has never directed advertising toward any person in Indiana (Filing No. 11 at 3). In short, Dot Com Plus has no connections to the State of Indiana.

Based on these facts, Dot Com Plus argues that this Court cannot exercise personal jurisdiction over it. Dot Com Plus asserts that simply placing content on the internet cannot result

6

in a finding that Dot Com Plus has engaged in activity that establishes minimum contacts with the State of Indiana, relying on *be2 LLC*, 642 F.3d at 558–59.  Without conducting any business in Indiana or purposefully directing any activities at the State of Indiana, personal jurisdiction cannot be established over Dot Com Plus.  Dot Com Plus explains that personal jurisdiction cannot be established because Dot Com Plus does not regularly do or solicit business in Indiana, engage in any other persistent course of conduct in Indiana, or derive substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in Indiana.  Dot Com Plus is an Alabama limited liability company with its principal place of business in Mobile, Alabama, and simply owns and operates two radio stations in Mobile, Alabama.

In response to Dot Com Plus's Motion to Dismiss, Mr. Philpot presents to the Court unverified assertions and unauthenticated exhibits to paint a picture of attenuated contacts to craft some contact between Dot Com Plus and the State of Indiana to establish personal jurisdiction over Dot Com Plus.  Mr. Philpot argues that Dot Com Plus's radio broadcasts are transmitted over the internet, thereby establishing contact with Indiana.  Mr. Philpot further argues that a third-party entity that hosts a website, promotes concerts, and provides links to other websites where individuals across the nation, including in Indiana, can purchase tickets for those concerts, has continuous and systematic contact. Additionally, Mr. Philpot claims that Dot Com Plus's radio station, WNSP, broadcasts some NCAA sporting events, and the NCAA is headquartered in Indiana, thereby establishing contact with Indiana.  Finally, Mr. Philpot argues that Dot Com Plus has sufficient contacts with the State of Indiana, by virtue of the NCAA's presence here, because Dot Com Plus's websites provide links to other third-party websites where individuals can purchase NCAA licensed products.

Because Dot Com Plus has "submitted affidavits or other evidence" that shows a lack of personal jurisdiction, Mr. Philpot "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research*, 338 F.3d at 783. Mr. Philpot has failed to do so. Instead, Mr. Philpot has presented unverified assertions, based on his own assumptions and not on personal knowledge, regarding Dot Com Plus and its websites and operations. He has submitted unauthenticated exhibits to show that third-party entities reach individuals across the nation via their websites. Furthermore, Mr. Philpot ignores the clearly established case law from the Supreme Court, the Seventh Circuit, and this District regarding personal jurisdiction, and he ignores the case law from the Seventh Circuit, this District, and this Court regarding personal jurisdiction and the internet. *See, e.g.*, *be2 LLC*, 642 F.3d at 558–59; *Philpot v. Mansion Am.*, 2015 U.S. Dist. LEXIS 103699 (S.D. Ind. Aug. 7, 2015); *Bell v. Kirchner*, 2014 U.S. Dist. LEXIS 29483 (S.D. Ind. Mar. 7, 2014).

Dot Com Plus has challenged personal jurisdiction and shown that it does not exist. Mr. Philpot's personal assertions and unauthenticated exhibits fail to show that Dot Com Plus has any contacts with the State of Indiana. Having failed to meet his burden to sustain this action, Mr. Philpot's action must be dismissed for lack of personal jurisdiction.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dot Com Plus's Motion to Dismiss (Filing No. 10). This action is **DISMISSED**. Final judgment will issue by separate order.

**SO ORDERED.**

---

[2] Improper venue provides an additional basis to dismiss this action. As the Supreme Court has made clear, 28 U.S.C. § 1400 identifies "the proper venue for copyright and patent suits" and thus overrides the general venue statute. *Atl. Marine Constr. Co. v. United States Dist. Court for the Western District of Texas*, 134 S. Ct. 568, 577 n.2 (U.S. 2013). 28 U.S.C. § 1400(a) allows for "[c]ivil actions, suits, or proceedings . . . relating to copyrights" to be brought in "the district in which the defendant or his agent resides or may be found." Dot Com Plus does not reside in and is not found in the State of Indiana. Thus, the Southern District of Indiana is not the proper venue for this action.

Date: 8/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, Indiana  46236

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com